UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERWIN SCOTT McMILLAN,

        Petitioner,

                                  CASE NO. 2:11-CV-10390
v.                               JUDGE AVERN COHN
                                  MAGISTRATE JUDGE PAUL KOMIVES

JEFFREY WOODS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7)**

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #7). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural Background*

Petitioner Sherwin Scott McMillan is a state prisoner, currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. Petitioner is currently serving a sentence of life imprisonment imposed following his 1989 conviction on two counts of first degree criminal sexual conduct. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- On May 11, 1989, petitioner was convicted of two counts of first degree criminal sexual conduct following a jury trial in the Oakland County Circuit Court. Petitioner was sentenced on June 2, 1989.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising claims of improper admission of evidence, improper denial of a continuance, and improper sentencing. On July 12, 1990, the court of appeals affirmed petitioner's conviction and his life sentence, but remanded for resentencing on the second count of conviction. *See People v. McMillan*, No. 118928 (Mich. Ct. App. July 12, 1990).

- The prosecutor filed an application for leave to appeal in the Michigan Supreme Court. On June 28, 1991, in lieu of granting leave to appeal, the Supreme Court reinstated the trial court's sentence. *See People v. McMillan*, 437 Mich. 1026, 470 N.W.2d 652 (1991).

- On October 9, 2007, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. The trial court denied the motion on December 3, 2008.

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on application on April 2, 2010. *See People v. McMillan*, No. 295355 (Mich. Ct. App. Apr. 2, 2010).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on October 26, 2010. *See People v. McMillan*, 488 Mich. 911, 789 N.W.2d 477 (2010).

On January 24, 2011, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner claims that inadmissible evidence was improperly admitted at trial, he was denied the right to counsel, he was sentenced on the basis of inaccurate facts, the trial judge lacked jurisdiction, and he was deprived of the effective assistance of trial and appellate counsel. Respondent filed a motion for summary judgment on August 8, 2011, arguing that petitioner's habeas application is untimely. Petitioner filed a reply in support of his habeas petition on September 15, 2011. For the reasons that follow, the Court should grant

---

[1]Although petitioner's application is file-stamped January 31, 2011, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated January 24, 2011. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on January 24, 2011.

respondent's motion for summary judgment.

B.   *Analysis*

   1.   *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

subparagraphs (B) through (D), and petitioner does not contend that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded in 1991 when the Michigan Supreme Court reinstated his sentence. Because petitioner's conviction became final prior to the enactment of the AEDPA, he had one year from the effective date of the Act, or until April 24, 1997, to file his habeas application. *See McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Here, petitioner's application was not filed until over 14 years after the expiration of the limitations period. Thus, the petition is untimely, unless the limitations period

was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 9, 2007. By this time, however, the limitations period had been expired for over 10 years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Because petitioner's postconviction motion was filed after the limitations period had expired, there was no time remaining on the limitations period to toll, and thus petitioner's application is untimely.

2.   *Petitioner's Arguments*

Petitioner does not quarrel with the foregoing calculation. Rather, petitioner contends that he is entitled to have his claims considered on the merits because: (1) the limitations provision violates his First Amendment right to petition the courts for a redress of grievances; (2) he can establish cause for, and prejudice attributable to, his failure to comply with the limitations period; and (3) the statute of limitations does not bar his jurisdictional claims. The Court should reject these arguments.

First, the statute of limitations does not violate the Petition Clause of the First Amendment. *See Hill v. Dailey*, 557 F.3d 437, 438-40 (6th Cir. 2009). Second, the cause-and-prejudice exception allows a federal court to consider a habeas claim that was barred in the state courts on the basis of a state procedural rule; it does not provide an exception to the statute of limitations governing habeas

petitions. *See Merchant v. Merill*, 509 F. Supp. 2d 60, 62-63 (D. Me. 2007).[3] Third, petitioner's argument that the statute does not bar his jurisdictional claims is without merit. While it is true that, as a general matter, "[a] jurisdictional defect cannot be waived or procedurally defaulted–rather a jurisdictional defect requires reversal," *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (citing *United States v. Griffin*, 303 U.S. 226, 229 (1938), there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d). On the contrary, the courts that have considered the issue uniformly have held that a "jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to [a federal] court within the time limit set forth in § 2244(d)(1)." *Neal v. Kingston*, No. 05-C-443, 2007 WL 1655159, at *3 (E.D. Wis. June 5, 2007); *see also*, *Dewitt v. Warden, Lieber Correctional Inst.*, No. 9:06-1221, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006); *Mays v. McDonnell*, No. 2:04-cv-968, 2006 WL 2927474, at *4 (M.D. Ala. Oct. 12, 2006); *cf. Hardridge v. Dinwiddie*, No. 03-CV-395, 2006 WL 3311515, at *3 (N.D. Okla. Nov. 13, 2006).

Finally, to the extent petitioner contends that he is entitled to equitable tolling of the limitations period, the Court should reject petitioner's argument. The habeas limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)

---

[3] Factors relevant to a cause and prejudice inquiry to excuse a procedural default may also be relevant in evaluating whether a petitioner is entitled to equitable tolling of the limitations period, but the tests are distinct and only the later creates an exception to the limitations provision. Petitioner's entitlement to equitable tolling is discussed below.

(quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland*, 130 S. Ct. at 2562. "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Importantly, diligence alone is not sufficient; petitioner must also show that some extraordinary circumstance prevented him from timely filing his petition. *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently).

Petitioner suggests that he is entitled to equitable tolling of the limitations period because he was unknowledgeable in the law and was waiting for his family and friends to raise money to hire an attorney to pursue his post-conviction remedies in the Michigan courts. However, the courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Further, petitioner cannot show that he acted diligently. Petitioner's post-conviction motion in the state court was filed over 16 years after his conviction became final and over 10 years after the expiration of the limitations period. He has not explained how, acting with reasonable diligence, he could not have secured the assistance of counsel or submitted a *pro se* petition during this long lapse between his conviction and the expiration of the limitations period.

Nor is petitioner entitled to equitable tolling merely because he raises important constitutional claims. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause."

*School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc). Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling.

C.  *Recommendation Regarding Certificate of Appealability*

1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require

8

that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

  2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable.  As noted above, petitioner does not challenge the conclusion that his habeas application is untimely by a number of years.  Petitioner's argument that the limitations provision violates his First Amendment right to petition to government for a redress of grievances is foreclosed by binding Sixth Circuit precedent, and the courts have uniformly concluded that jurisdictional claims are not excepted from the limitations provision. Further, it is not reasonably debatable that petitioner has failed to set forth any circumstances justifying equitable tolling of the limitations period, as the courts have uniformly held that lack of knowledge of the law does not constitute an exceptional circumstance, and that the importance or merit of a petitioner's constitutional claims does not provide an exception to the limitations provision. Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions.  Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition.  If the Court accepts this recommendation, the Court should also deny the certificate of appealability..

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J .Komives  
                                      PAUL J. KOMIVES  
                                      UNITED STATES MAGISTRATE JUDGE

Dated: 12/8/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on December 8, 2011.
>
>                         s/Eddrey Butts  
>                         Case Manager