UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERWIN SCOTT McMILLAN,

           Petitioner,           Case Number: 11-10390

v.           HONORABLE AVERN COHN

RAYMOND BOOKER,

           Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 11)**
**AND**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Doc. 7)**
**AND**
**DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS (Doc. 1),**
**MOTION FOR ORAL ARGUMENT (Doc. 12), AND MOTION FOR EVIDENTIARY**
**HEARING (Doc. 13)**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

I.

      This is a habeas case under 28 U.S.C. § 2254. Petitioner Sherwin Scott McMillan (Petitioner) is a state prisoner serving a life sentence following a 1989 conviction on two counts of first degree criminal sexual conduct. Petitioner claims he is incarcerated in violation of his constitutional rights. The matter has been referred to a magistrate judge, before whom Respondent filed a motion for summary judgment on the grounds that the petition was not timely filed. (Doc. 7).

      On December 8, 2011, the magistrate judge issued a MJRR recommending that

Respondent's motion be granted and the petition be denied because it is barred by the statute of limitations. (Doc. 11).

Before the Court are Petitioner's objections to the MJRR (Doc. 14), motion for oral argument (Doc. 12) and motion for evidentiary hearing (Doc. 13). For the reasons that follow, the objections will be overruled, the MJRR will be adopted and Respondent's motion will be granted. The petition, as well as Petitioner's motions, will be denied. A certificate of appealability will also be denied.

II.

A district court must conduct a <u>de novo</u> review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. <u>Id</u>. The requirement of <u>de novo</u> review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." <u>United States v. Shami</u>, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. <u>Flournoy v. Marshall</u>, 842 F.2d 875, 878 (6th Cir. 1987).

III.

Petitioner objects to the magistrate judge's recommendation that the petition be denied as untimely. The Court has carefully reviewed the objections in light of the MJRR. As the magistrate judge explained, the petition was filed over ten years after the statute of limitations expired and Petitioner has not established equitable tolling or

2

otherwise shown that the petition is not time barred.[1]  In short, the Court agrees with the magistrate judge that the petition was not timely filed.  Given this determination, Petitioner's related motions for oral argument and for an evidentiary hearing must also be denied.

IV.

The magistrate judge also recommends that a certificate of appealability be denied.[2]  The Court agrees.  Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or whether the Court is correct in its procedural ruling.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); Slack v. McDaniel, 529 U.S. 473, 485 (2000).  As such, Petitioner is not entitled to a certificate of appealability.

V.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above.  Respondent's motion for summary judgment is GRANTED.  Petitioner's application for writ of habeas corpus, motion for oral argument, and motion

---

[1] One of Petitioner's arguments is that the limitations period does not apply because the state court lacked jurisdiction.  As the magistrate judge explained, however, Petitioner's jurisdictional claim is still subject to the time limits under § 2254.  MJRR at p. 6.  In support, the magistrate judge cited several unpublished decisions.  In his objections, Petitioner says that the magistrate judge improperly relied on unpublished decisions, noting that he does not have access to these decisions.  The Court has attached copies of the unpublished decisions cited by the magistrate judge, all of which hold that a jurisdictional claim is subject to the one-year statute of limitations.

[2] See Rule 11(a), 28 U.S.C. foll. § 2254 (stating that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

for evidentiary hearing are DENIED.  A certificate of appealability is DENIED.

    This case is DISMISSED.

    SO ORDERED.


                        s/Avern Cohn  
                        AVERN COHN  
                        UNITED STATES DISTRICT JUDGE


Dated:  January 3, 2012


I hereby certify that a copy of the foregoing document was mailed to Sherwin McMillan 201615, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 and the attorneys of record on this date, January 3, 2012, by electronic and/or ordinary mail.

                        s/Julie Owens  
                        Case Manager, (313) 234-5160